UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCSCA R. GOMES,
               Plaintiff,

v.                                      Civil Action No.  05-11712-RGS

QUEEN ANNE NURSING HOME
               Defendant.

## MEMORANDUM AND ORDER

STEARNS, D.J.

For the reasons stated below: (1) Plaintiff's Application to Proceed Without Prepayment of Fees is allowed; and (2) this action shall be dismissed unless Plaintiff Gomes demonstrates in writing, within thirty-five (35) days of the date of this Memorandum and Order, why this action should not be dismissed.

## FACTS

On August 10, 2005, Plaintiff Francsca R. Gomes, filed an Application to proceed without prepayment of fees, accompanied by a two page civil Complaint.  The Complaint presents a number of grievances about her former employment as a housekeeper with the Defendant, Queen Anne Nursing Home.  She alleges discrimination on the basis of race and national origin (Cape Verdean), leading to her termination.

More specifically, Plaintiff alleges she was subject to harassment by "Caucasian" co-workers who made comments such as "Whites can clean better than Capeverdeans." and other comments about her cleaning abilities.  Compl. at 1, ¶ 5.  She alleges she made numerous complaints to her employer, and no action was taken.  She claims she felt afraid to complain further because she was afraid of losing her job.  Compl. at 2, ¶¶ 6-7.

Plaintiff claims that on August 9, 2004, without prior notice, she and other Capeverdean

Case 1:05-cv-11712-RGS   Document 4   Filed 08/23/2005   Page 2 of 6

employees were called into the laundry room and were advised that their work schedules had been changed, and if they did not like it, they could leave, and that they had 10 minutes to decide. Plaintiff then asked if they were being terminated, and was told: "No, you guys quit." Id. at 2, ¶¶ 8-10. Plaintiff contends they tried to negotiate but Pete Star, the "owner" came into the laundry room and told everyone to leave within five minutes or the police would be called. Id. at ¶ 10. Plaintiff alleges she was "treated differently in terms and conditions of my work schedules and termination because my National Origin (Cape Verde). Respondent kept two undocumented Brazilian employees and one white. Their schedules were not affected."

Plaintiff demands monetary compensation.

## ANALYSIS

I. Plaintiff's Application to Proceed *in forma pauperis*

In her Application to Proceed *in forma pauperis*, Plaintiff alleges she earns $337.00 per week at Brigham and Women Hospital and that she has no other assets or income except for $514 in cash or savings and a $4,000 car. She claims to support her niece and her disabled sister who lives with her. In light of these financial disclosures, the Court finds Plaintiff has demonstrated she lacks sufficient funds to pay the $250.00 filing fee. Accordingly, her Application to Proceed Without Prepayment of Fees is allowed.

II. The Court May Screen this Action

Because Plaintiff seeks to file this Complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review Plaintiff's complaint to determine if it satisfies the substantive requirements of the federal *in forma pauperis* statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff

seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Even construing Plaintiff's Complaint generously, her claims are subject to dismissal under § 1915(e)(2), for the reasons stated below.

### III.     Failure to Submit Claims to the EEOC or MCAD

Plaintiff asserts claims of employment discrimination based on race and national origin based on her status as a Cape Verdean, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"), and Chapter 151B of the laws of Massachusetts, Mass. Gen. Laws. ch. 151B, § 1, et seq. ("Chapter 151B"). Plaintiff's claims are subject to dismissal for failure to allege that she has properly exhausted her administrative remedies.

Under the administrative scheme created by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. and Chapter 151B of Massachusetts law ("Chapter 151B"), Mass. Gen. Laws ch. 151B, § 1, et seq., a party generally must file her state-law based discrimination claims with the Massachusetts Commission Against Discrimination ("MCAD) and her federal-law based claims with the Equal Employment Opportunity Commission

("EEOC") before filing a complaint in federal court.[1] See 42 U.S.C. § 2000e-5(e)(Title VII); Mass. Gen. Laws ch. 151B §§ 5-9; Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (Title VII); Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1021, 673 N.E.2d 40, 41 (1996) (a plaintiff wishing to pursue a discrimination claim under § 151B must first submit a complaint to the MCAD within six months of the alleged unlawful conduct).

In states such as Massachusetts which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the EEOC is automatically referred to MCAD, the state agency, and claims filed with MCAD or the EEOC are effectively filed with both agencies." Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n. 1 (1st Cir. 2001).[2]

Here, Plaintiff does not allege that she has filed a charge of discrimination with either the EEOC or MCAD.[3] Although the filing of administrative charge is not a jurisdictional

---

[1] MCAD has offices at: One Ashburton Place, Rm. 601, Boston, MA 02108-1518 (617) 727-3990 and 436 Dwight Street, Rm. 220, Springfield, MA 01103 (413) 739-2145. The EEOC has a field office at the John F. Kennedy Federal Building, 475 Government Center, Boston, MA 02203 (617) 565-3200 or 1-800-669-400.

[2] In states without such as work-sharing agreement, an aggrieved party generally must initially her claims with the state commission first because it has exclusive jurisdiction for the first 60-days after the alleged discriminatory act. See 42 U.S.C. § 2000(e)-5(c) (if state has anti-discrimination authority, no charge may be filed with EEOC by aggrieved party before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated).

[3] Generally, if the EEOC dismisses an administrative charge or otherwise terminates proceedings, an aggrieved party claiming national origin or race discrimination has 90 days in which to file a civil action after the notice of termination. See 42 U.S.C. § 2000e-5 (Title VII). A person claiming employment discrimination pursuant to Chapter 151B may bring a civil action only at the expiration of 90 days after the filing of a complaint with the MCAD, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred. See Mass. Gen. Laws ch. 151B, § 9.

prerequisite to suit, a plaintiff may not circumvent the requirement, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979), and Plaintiff Gomes's *pro se* status does not immunize her from this requirement.  See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (*pro se* status does not relieve an employee of the obligation to meet procedural requirements established by law).  Moreover, Plaintiff does not indicate that, if she has received a "right to sue" letter from the EEOC or MCAD, that she has filed this action within the 90 day time limit prescribed.

Accordingly, because Plaintiff's Complaint fails to adequately allege facts indicating that she has exhausted her administrative remedies, and has failed to indicate that this action is timely or that any untimeliness may be excused, the Complaint is subject to dismissal.  Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003) (dismissal for failure to state a claim for failure to exhaust administrative remedies for ADEA and Title VII claims after show-cause order proper); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (claimants who seek to recover for violations of ADA and Title VII first must timely exhaust administrative remedies; unexcused failure bars courthouse door); Rice v. New England College, 676 F.2d 9, 10-11 (1st Cir. 1982) (affirming dismissal of Title VII claim filed 91 days after receipt of EEOC's right-to-sue notification on ground that absent "a recognized equitable consideration, the court cannot extend the limitations period by even one day").

Plaintiff shall be afforded thirty-five (35) days to show cause in writing why this action should not be dismissed for the reasons stated above.  Failure to show cause as directed will result in a dismissal of this action.

## CONCLUSION

ACCORDINGLY, for the reasons stated herein, it is hereby ORDERED that:

1. Plaintiff's Application to Proceed *in forma pauperis* is allowed; and

2. This action shall be dismissed unless, within thirty-five (35) days of the date of this Memorandum and Order, Plaintiff demonstrates in writing why this action should not be dismissed.

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

DATED: August 23, 2005